UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MEHDI ASNAASHARI,

    Plaintiff,

    v.

PNY TECHNOLOGIES, INC.,

    Defendant.

_____/

No. C 13-1308 PJH

**ORDER GRANTING MOTION TO DISMISS**

Defendant PNY Technology Inc.'s motion to dismiss came on for hearing before this court on May 29, 2013. Plaintiff Mehdi Asnaashari ("plaintiff") appeared through his counsel, Jeannette Vaccaro and John McGuinn. Defendant PNY Technologies, Inc. ("defendant") appeared through its counsel, Christopher Mayer and Sarah Wager. Having read the papers filed in conjunction with the motion and carefully considered the arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS defendant's motion for the reasons stated at the hearing and as follows.

Plaintiff's first cause of action is for breach of contract. Plaintiff concedes that his offer letter characterized his employment as "at will," and specifically stated that his employment "may be terminated by PNY at any time, with or without notice," but argues that the letter also stated that his employment was "subject to PNY's employment policies." Dkt. 10, Ex. B at 2. Plaintiff alleges that defendant violated those policies by terminating his employment for performance reasons without following the applicable procedures governing performance-related terminations. However, plaintiff has not identified the specific policies or procedures that were allegedly breached. Accordingly, plaintiff's first cause of action is DISMISSED with leave to amend, so that plaintiff may identify those

policies and/or procedures.

Plaintiff's second cause of action is for breach of the implied duty of good faith and fair dealing. Again, plaintiff concedes that his employment was at will, but argues that defendant "act[ed] in bad faith when it terminated plaintiff for the specific purpose of depriving him of the benefits of the offer letter." Dkt. 18 at 5. However, the complaint does not provide any factual support for this assertion, and plaintiff's second cause of action is thus DISMISSED with leave to amend, so that plaintiff may provide such factual support. The court also notes that, as currently pled, plaintiff's second cause of action is partially duplicative of his first cause of action for breach of contract. In his amended complaint, plaintiff shall differentiate the factual allegations supporting his first cause of action (based on defendant's alleged failure to follow its employment policies and procedures) from those supporting his second cause of action (based on defendant's alleged bad faith in terminating plaintiff's employment).

Plaintiff's third and fourth causes of action are for promissory fraud and negligent misrepresentation, respectively. The elements of promissory fraud are: (1) a promise made regarding a material fact without any intention of performing it; (2) the existence of the intent not to perform at the time the promise was made; (3) intent to deceive or induce the promisee to enter into a transaction; (4) reasonable reliance by the promisee; (5) nonperformance by the party making the promise; and (6) resulting damage to the promisee. Behnke v. State Farm General Insurance Co., 196 Cal.App.4th 1443, 1453 (2011). The elements of negligent misrepresentation are: (1) a misrepresentation of a past or existing material fact; (2) without reasonable grounds for believing it to be true; (3) with intent to induce another's reliance on the fact misrepresented; (4) ignorance of the truth and justifiable reliance thereon by the party to whom the misrepresentation was directed; and (5) damages. Fox v. Pollack, 181 Cal.App.3d 954, 962 (1986).

Plaintiff's complaint was originally filed in state court, and as a result, plaintiff's third and fourth causes of action do not meet the standard of Federal Rule of Civil Procedure

9(b), which requires fraud-related claims to be pled with particularity.  Plaintiff's third and fourth causes of action do not identify the "who, what, when, and where" of the alleged promise or misrepresentation, and do not provide factual support for his allegations that defendant made a promise with the intent not to perform when the promise were made, or that defendant made a misrepresentation without reasonable grounds for believing it to be true.  Accordingly, plaintiff's third and fourth causes of action are DISMISSED with leave to amend, so that plaintiff can re-plead these claims in accordance with Rule 9(b)'s requirements.

Plaintiff's fifth cause of action is brought under Cal. Labor Code § 970, which makes it unlawful to "influence, persuade, or engage any person to change from one place to another in this State or from any place outside to any place within the State, or from any place within the State to any place outside, for the purpose of working in any branch of labor, through or by means of knowingly false representations."  Plaintiff admits that he was only required to attend work in New Jersey for one week out of each month, but argues that the California Supreme Court has held that trips of short duration may trigger liability under section 970.  Collins v. Rocha, 7 Cal.3d 232 (1972).  However, in Collins, the court made clear that section 970 covers "temporary as well as permanent relocation of residence, as contrasted with a mere change in the site of employment."  Id. at 239 (emphasis added).  Thus, even if for a short duration, section 970 still requires a relocation of residence, and not merely a site visit.  Plaintiff has not (and cannot) allege that he was required to relocate his residence, and as a result, his fifth cause of action is DISMISSED without leave to amend.

Finally, plaintiff asserts a sixth cause of action for wrongful termination in violation of public policy.  In order to state such a claim, plaintiff must identify the specific public policy implicated by defendant's actions.  Plaintiff argues that his contract-related and fraud-related claims form the basis of his wrongful termination claim.  Because those claims have been dismissed, plaintiff's sixth cause of action must be DISMISSED with leave to amend

for the same reasons.

Plaintiff has until **June 26, 2013** to file an amended complaint in accordance with this order. No new claims or parties may be added without leave of court or the written stipulation of all parties. Defendant has until **July 17, 2013** to answer or otherwise respond to the complaint.

**IT IS SO ORDERED.**

Dated: May 31, 2013

_____
PHYLLIS J. HAMILTON
United States District Judge