United States District Court
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MEHDI ASNAASHARI,

          Plaintiff,

   v.

PNY TECHNOLOGIES, INC.,

          Defendant.

_____/

No. C 13-1308 PJH

**ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO
DISMISS**

     Defendant PNY Technology Inc.'s motion to dismiss plaintiff's amended complaint came on for hearing before this court on August 21, 2013.  Plaintiff Mehdi Asnaashari ("plaintiff") appeared through his counsel, Jeannette Vaccaro.  Defendant PNY Technologies, Inc. ("defendant") appeared through its counsel, Christopher Mayer.  Having read the papers filed in conjunction with the motion and carefully considered the arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS in part and DENIES in part defendant's motion as follows.

     Plaintiff's first cause of action is for breach of contract.  Plaintiff concedes that his offer letter characterized his employment as "at will," and specifically stated that his employment "may be terminated by PNY at any time, with or without notice," but argues that the letter also stated that his employment was "subject to PNY's employment policies." Dkt. 34, Ex. B at 2.  Plaintiff alleges that defendant violated those policies by terminating his employment for performance reasons without following the applicable procedures governing performance-related terminations.  In dismissing this cause of action as pled in the original complaint, the court noted that plaintiff had "not identified the specific policies or procedures that were allegedly breached." Dkt. 25 at 1.  However, plaintiff's amended

United States District Court

For the Northern District of California

1   complaint ("AC") identifies three such policies:  (1) "Human Resources must approve any

2   involuntary terminations, before they occur," (2) if "any employee" is involuntarily terminated

3   due to "unsatisfactory performance, the employee must be informed of the performance

4   problem and given a reasonable opportunity to correct the problem, before any termination

5   can occur," and (3) "any performance problems and related communication must be

6   documented and tracked in the employee file."  AC, ¶¶ 36, 37.  Thus, plaintiff's amended

7   complaint has cured the deficiencies of his original complaint, and the court DENIES

8   defendant's motion to dismiss plaintiff's first cause of action.

9          Plaintiff's second cause of action is for breach of the implied duty of good faith and

10   fair dealing.  Plaintiff argues that this claim is based on two separate theories:  (1) PNY

11   terminated plaintiff in order to deprive him of the benefits outlined in the offer letter; i.e.,

12   PNY terminated plaintiff in bad faith; and (2) PNY terminated plaintiff in violation of its own

13   policies and procedures governing involuntary termination for unsatisfactory job

14   performance.  The court notes that (2) is duplicative of plaintiff's breach of contract claim,

15   and DISMISSES plaintiff's second cause of action to the extent premised on that theory.

16   See also Guz v. Bechtel Nat. Inc., 24 Cal.4th 317, 352 (2000) ("insofar as the employer's

17   acts are directly actionable as a breach of an implied-in-fact contract term, a claim that

18   merely realleges that breach as a violation of the covenant is superfluous.").  As to (1), the

19   Guz court went on to hold, separately, that "[a]llegations that the breach was wrongful, in

20   bad faith, arbitrary, and unfair are unavailing; there is no tort of 'bad faith breach' of an

21   employment contract."  Id.  Thus, plaintiff's second cause of action is DISMISSED in its

22   entirety.  Because plaintiff has already had an opportunity to amend this claim, the

23   dismissal is with prejudice.

24          Plaintiff's third cause of action is for promissory fraud.  The elements of promissory

25   fraud are: (1) a promise made regarding a material fact without any intention of performing

26   it; (2) the existence of the intent not to perform at the time the promise was made; (3) intent

27   to deceive or induce the promisee to enter into a transaction; (4) reasonable reliance by the

28   promisee; (5) nonperformance by the party making the promise; and (6) resulting damage

United States District Court

For the Northern District of California

1    to the promisee.  Behnke v. State Farm General Insurance Co., 196 Cal.App.4th 1443,

2    1453 (2011).

3         Plaintiff argues that the relevant "promise" here consists of (1) statements from Gadi

4    Cohen, PNY's founder, regarding plaintiff's bonuses and stock options, and (2) statements

5    in PNY's offer letter, regarding bonuses, stock options, severance pay, and that plaintiff's

6    employment would be "subject to PNY's employment policies."  AC, ¶¶ 55, 56.  However,

7    the court finds that any representations regarding bonuses, stock options, or severance

8    pay were conditioned on plaintiff reaching one year of employment.  Thus, there was no

9    actual "nonperformance" of those alleged promises.  The only unperformed promise

10   identified by plaintiff is the promise that plaintiff's employment would be governed by PNY's

11   employment policies, which are discussed above in the context of plaintiff's breach of

12   contract claim.  Thus, to the extent premised on anything other than PNY's employment

13   policies, plaintiff's third cause of action is DISMISSED without leave to amend.  But to the

14   extent that plaintiff's third cause of action is premised on PNY's employment policies, the

15   motion to dismiss is DENIED.

16        Plaintiff's fourth cause of action is for negligent misrepresentation.  The elements of

17   negligent misrepresentation are: (1) a misrepresentation of a past or existing material fact;

18   (2) without reasonable grounds for believing it to be true; (3) with intent to induce another's

19   reliance on the fact misrepresented; (4) ignorance of the truth and justifiable reliance

20   thereon by the party to whom the misrepresentation was directed; and (5) damages.  Fox v.

21   Pollack, 181 Cal.App.3d 954, 962 (1986).  For this cause of action, plaintiff identifies the

22   same alleged misrepresentations that were identified with respect to plaintiff's third cause

23   of action (for promissory fraud).  And for the same reasons described above, to the extent

24   that plaintiff's claim is premised on anything other than PNY's employment policies, his

25   fourth cause of action is DISMISSED without leave to amend.  But even as to the

26   employment policies, the court finds that there was no misrepresentation of "past or

27   existing material fact."  Instead, any alleged misrepresentation related to PNY's future

28   conduct in terminating plaintiff's employment without following its own policies.  Thus,

3

United States District Court

For the Northern District of California

1    plaintiff's fourth cause of action is DISMISSED in its entirety.  Because plaintiff has already

2    had an opportunity to amend this claim, the dismissal is with prejudice.

3         Finally, plaintiff asserts a fifth cause of action for wrongful termination in violation of

4    public policy.  Plaintiff alleges that he was terminated one day before his bonus and stock

5    options were set to vest in order to deprive him the benefit of that compensation.  While

6    plaintiff has not provided extensive support for this allegation, the timing of his termination

7    does make plaintiff's claim plausible enough to survive the pleading stage.  Accordingly,

8    defendant's motion to dismiss plaintiff's sixth cause of action is DENIED.

9         As a result of this order, plaintiff has three remaining causes of action: (1) breach of

10   contract (based on PNY's alleged failure to follows its employment policies governing

11   performance-related termination); (2) promissory fraud (based on the same conduct); and

12   (3) wrongful termination in violation of public policy.  Defendant has 21 days from the date

13   of this order to file an answer to those remaining claims.

14

15        **IT IS SO ORDERED.**

16   Dated: August 26, 2013

17                                              _____
                                               PHYLLIS J. HAMILTON
18                                             United States District Judge

19

20

21

22

23

24

25

26

27

28

4